**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**A.B., a minor, by A.D.B., his next friend, parent and natural guardian,**

           **Plaintiffs,**

**-vs-**     Case No. 6:05-cv-802-Orl-31KRS

**SEMINOLE COUNTY SCHOOL BOARD & KATHLEEN MARY GARRETT,**

           **Defendants.**

_____

## ORDER

AB, a minor, has sued the Seminole County School Board ("SCSB") and one of its former teachers, Kathleen Mary Garrett. Count I asserts a claim against SCSB pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment right to be "free from unnecessary and unreasonable force or intentional, reckless or deliberately indifferent or oppressive conduct that causes emotional or psychological harm." (Doc. 1 at ¶ 52). Count II alleges a violation of Section 504 of the Federal Rehabilitative Act of 1973, 29 U.S.C. § 794, as a result of SCSB's "intentional discrimination against AB based upon his disability [autism]." (Doc. 1 at ¶ 56). Both counts are based upon alleged physical and verbal abuse by Garrett while AB was a special education student at South Seminole Middle School.

Defendant, SCSB has filed a Motion to Dismiss the Complaint (Doc. 13), contending that Plaintiff has failed to exhaust his administrative remedies under the "Individuals with Disabilities in Education Act," 20 US.C. § 1400, *et seq*. ("IDEA") and that Plaintiff has filed to state a claim

upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Specifically, SCSB contends that the Complaint fails to allege with specificity any wrongdoing or official policy with respect to SCSB. (Doc. 13 at p. 10). Plaintiff filed a memorandum in opposition to the Motion (Doc. 26).

In support of its exhaustion contention under the IDEA, SCSB relies primiarly on the case of *Babicz v. School Board of Broward County*, 135 F. 3d. 1420 (11th Cir. 1998). *Babicz*, however, is inapposite. This is not a case where Plaintiff seeks redress for failure to implement an appropriate educational plan. Rather, this is a constitutional tort claim, which is not subject to the IDEA's exhaustion requirement. Similarly, SCSB's other argument is also without merit. The Complaint alleges that SCSB was aware of, but was deliberately indifferent toward, the abuse being administered by Garrett. These allegations are sufficient to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

In the interest of brevity, the Court adopts the reasoning of Judge Antoon in the *JV v. SCSB*, Case No. 6:04-cv-1889 (Doc. 34), with respect to SCSB's motion to dismiss. It is, therefore

**ORDERED** that SCSB's Motion to Dismiss (Doc. 13) is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 10, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party