**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**A.B., a minor, by ANNIE D. BAEZ, his next friend, parent and natural guardian,**

        **Plaintiffs,**

**-vs-**                                    **Case No.  6:05-cv-802-Orl-31KRS**

**SEMINOLE COUNTY SCHOOL BOARD**
**& KATHLEEN MARY GARRETT,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on Defendant Kathleen M. Garrett's Motion for Order Staying Discovery and Required Disclosure (Doc. No. 41) and Plaintiff A.B.'s response thereto (Doc. No. 50).  This matter has been referred to me for disposition pursuant to 28 U.S.C. § 636(b).

**I.    PROCEDURAL HISTORY.**

On May 27, 2005, A.B., a minor, by and through Annie D. Baez, his next friend, parent and natural guardian, filed a complaint against the Seminole County School Board (School Board) and Kathleen Mary Garrett, alleging violations of the Civil Rights Act of 1861, 42 U.S.C. § 1983, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Doc. No. 1.  Both the School Board and Garrett responded to the complaint.  Doc. Nos. 35, 42.

On September 20, 2005, Garrett filed a motion requesting the Court to stay discovery in this matter pending the outcome of a criminal case brought against her in the Circuit Court of the

Eighteenth Judicial Circuit, in and for Seminole County, Florida. Doc. No. 41. Garrett contends the "criminal case involves many of the same allegations that are involved in this case." *Id*. at 1. Thus, Garrett posits that requiring her to participate in civil discovery in this matter would undermine "her Fifth Amendment rights against self-incrimination and her right to due process . . . ." *Id*. at 4. The plaintiff opposes the request to stay the proceedings. Doc. No. 50.

## II.   STANDARD OF REVIEW.

It is well established that a federal district court has broad discretion in granting or denying a motion to stay discovery in a civil matter pending the outcome of parallel criminal proceedings. *SEC v. Incendy*, 936 F. Supp. 952, 955 (S.D. Fla. 1996). Fifth Amendment issues frequently arise when, as here, parallel criminal, civil or administrative proceedings are pending.[1] Although the privilege against compulsory self-incrimination applies in civil proceedings, "[t]he Constitution does not require a stay of civil proceedings pending the outcome of related criminal proceedings." *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994). "Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua County, Florida*, 23 F.3d 359, 364 (11th Cir. 1994).

A stay is warranted when "a defendant in both a civil and a criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings]." *Shell Oil Co.*, 866 F. Supp. at 540 (alterations original). Put differently,

---

[1] The Fifth Amendment to the United States Constitution provides, in relevant part, that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. CONST. amend. V.

"the invocation of the privilege [must] result in 'automatic entry of summary judgment.'" *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991); *accord United States v. Little Al,* 712 F.2d 133, 136 (5th Cir. 1983).  Otherwise, "[d]efendants may exercise their Fifth Amendment rights by not presenting evidence which would implicate them in their criminal proceedings." *Shell Oil Co.*, 866 F. Supp. at 540.  Moreover, a blanket assertion of the privilege against compulsory self-incrimination is an inadequate basis for the issuance of a stay.  *Lot 5, Fox Grove*, 23 F.3d at 364.[2]

**III.    ANALYSIS.**

Although Garrett seeks only a sixty-day stay of discovery in this case, it is not clear that the criminal proceedings will resolve within that time.  Even assuming that the trial proceeds forward as scheduled this month, if Garrett is convicted she may choose to appeal.  During the pendency of the appeal, she could continue to claim the right against self-incrimination.  It would be detrimental to the progress of this litigation, and prejudicial to the plaintiff, to stay this case for the time required to resolve the underlying criminal proceeding.

More importantly, Garrett does not assert any specific basis that would support the issuance of a stay in this matter.  Rather, Garrett simply contends that if this action is not stayed,

---

[2] Garrett cites cases from courts in other jurisdictions which use a more lenient standard for determining whether a stay is warranted in a civil matter pending the outcome of parallel criminal proceedings. *See, e.g.*, *Am. Express Bus. Fin. Corp. v. RW Prf'l. Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 264-65 (E.D.N.Y. 2002); *Dienstag v. Bronsen*, 49 F.R.D. 327, 329 (S.D.N.Y. 1970).  These cases merit little attention under the present circumstances as "the standard set by the Eleventh Circuit as to when a stay is mandated to prevent unconstitutional infringement is more narrow and less subjective." *In re Financial Federated Title & Trust, Inc.*, 252 B.R. 834, 837 (Bankr. S.D. Fla. 2000) (citing *Lot 5, Fox Grove*, 23 F.3d at 364).

her Fifth Amendments rights against self-incrimination and her right to due process of law *might* be undermined. Doc. No. 41, at 3. It does not appear, nor does Garrett contend, that she would be subject to summary disposition of this matter if she chose to exercise her privilege against self-incrimination in these proceedings. *See Premises Located at Route 13*, 946 F.2d at 756; *Shell Oil Co.*, 866 F. Supp. at 541.

Finally, Garrett maintains that "[s]he will not participate [in discovery in this matter], except to invoke her right against self incrimination." Doc. No. 41, at 4. Garrett's blanket assertion of her privilege against compulsory self-incrimination is insufficient to establish grounds for the issuance of a stay in this matter. If Garrett wishes to assert her privilege against self-incrimination in this matter, she must do so on a question-by-question basis. *See, e.g., United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991) ("The district court must review . . . assertions of the privilege [against self-incrimination] on a question-by-question basis.").

## IV. CONCLUSION.

Based on the foregoing reasons, Garrett's Motion for Order Staying Discovery and Required Disclosure (Doc. No. 41) is hereby **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 14th day of October, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties